JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone:    (415) 436-6809
    Fax:    (415) 436-7234
    Email: wendy.thomas@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 08-0079 MAG |
| Plaintiff, ) | |
| v. ) | **DECLARATION OF ADAM MALDONADO IN SUPPORT OF UNITED STATES' MOTION FOR SUMMONS** |
| GREGORY A. SHASHURIN, ) | |
| Defendant. ) | |

I, Adam Maldonado, hereby declare as follows:

1. I am a law clerk in the United States Attorney's Office assigned to the prosecution of this case. I have received the following information from Park Rangers employed by the National Park Service and from reports and other documents provided to me by the National Park Service.

2. On November 21, 2007, at approximately 9:30 pm, while on patrol investigating a civilian tip that there was a "prowler" in the area, Officers Encinas ("Encinas") and Officer Tapang ("Tapang"), both of the San Francisco Police Department, observed Gregory A. Shashurin (the "Defendant") in the area of West Pacific Avenue behind the Presidio Terrace.

3. Encinas noticed that the Defendant was passed out and slumped over in the driver's seat

DECLARATION IN SUPPORT OF MOTION FOR SUMMONS
Case No. CR 08-0079 MAG

of a parked four-door Acura that still had its engine running.

4. After conducting a field computer query of the vehicle's license plate, Encinas learned that the vehicle's registered owner was victim E.G. ("E.G." or "the victim"), a San Francisco resident.

5. Encinas approached the vehicle and tapped on the drivers-side window. Encinas asked if the Defendant was all right and if he had any identification. The Defendant stated that he did not because he had "left his wallet at his girlfriend's place."

6. Upon learning that the Defendant had no identification on his person, Encinas asked the Defendant to step out of the vehicle for safety purposes. The Defendant complied and informed Encinas that his name was Gregory Shashurin. Encinas immediately recognized the Defendant as a person who had recently been arrested in the Richmond District for auto burglary, stolen vehicles, and possession of burglary tools.

7. When Encinas asked the Defendant if he was the registered owner of the vehicle, the Defendant stated that he was not. Defendant stated that the car "belonged to a friend of his girlfriend," but when asked her name, he did not know the name of registered owner. This heightened the officer's suspicion that the vehicle was stolen.

8. Encinas looked through the vehicle while in the Defendant's presence and without the Defendant's objection in an attempt to determine the identity of the vehicle's registered owner. Encinas found a "Jiffy Lube" receipt in the vehicle's trunk containing E.G.'s name and phone number.

9. Encinas called E.G. while in the presence of the Defendant, and spoke with E.G. E.G. stated that she was the vehicle's registered owner. E.G. further informed Encinas that she was currently in Atlanta, Georgia, and "had not given anyone permission to drive her car or to take her keys." E.G. additionally stated that she did not know the Defendant, and that she would like to report her car as "stolen."

10. After speaking with E.G. Encinas took the Defendant into custody. Because the incident occurred on Federal Property, Encinas contacted the United States Park Police who had jurisdiction over the area.

DECLARATION IN SUPPORT OF MOTION FOR SUMMONS
Case No. CR 08-0079 MAG

-2-

1  11.  After arriving on the scene, Officer Mike Griffin ("Griffin") of the United States Park Police spoke with Encinas and Tapang, and subsequently arrested the Defendant for car theft.

12.  At the point of arrest, Defendant requested access to his jacket that was still inside the vehicle. While retrieving the jacket, Griffin noticed that it contained car "master keys" that he recognized as commonly used to steal cars.  Griffin gave the Defendant the jacket and confiscated the keys as evidence.  The Defendant also requested access to a "Whole Foods" bag that remained inside the vehicle.  While removing the bag, Griffin noticed that it contained a plastic baggy filled with a dried "green leafy substance" later identified as marijuana. Griffin confiscated the plastic baggy and green leafy substance as evidence.

13.  Griffin subsequently conducted a search of the vehicle, incident to arrest, and discovered several items that he recognized as drug paraphernalia, including a multi-color pipe, a glass tube, and a small plastic baggy containing a "crystal substance" later identified as methamphetamine.  Griffin confiscated the pipe, tube and baggy containing the crystal substance as evidence.

14.  After searching the vehicle, Griffin contacted E.G. using the information found on the "Jiffy Lube" receipt. E.G. corroborated the information she previously provided Encinas and Tapang regarding her vehicle. E.G. again stated that she did not know the Defendant and that she would like to report her car as stolen.

15.  I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed February 25, 2008, at San Francisco, California.

          /s/
ADAM MALDONADO
Law Clerk
United States Attorney's Office

DECLARATION IN SUPPORT OF MOTION FOR SUMMONS
Case No. CR 08-0079 MAG

-3-